Sarah Kroll-Rosenbaum (SBN 272358)
    skrollrosenbaum@constangy.com
Anthony Sbardellati (SBN 246431)
    asbardellati@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile:  (424) 465-6630

Kimberly T. Bernstein (SBN 294058)
    kbernstein@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
600 Anton Boulevard, Eleventh Floor
Costa Mesa, California 92626
Telephone: (949) 743-3979
Facsimile:  (949) 743-3934

Attorneys for Defendant NORRED & ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSYKA WALKER, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORRED & ASSOCIATES, INC., a Georgia corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT NORRED & ASSOCIATES, INC.'S NOTICE OF RELATED CASES IN SUPPORT OF REMOVAL TO UNITED STATES DISTRICT COURT**<br><br>*[Filed Concurrently with the Notice of Removal; Declaration of Anthony Sbardellati; Declaration of Jeff Bohling; Corporate Disclosure Statement; Certification of Interested Parties; and Civil Coversheet]*<br><br>Complaint Filed: March 1, 2019 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that pursuant to Local Rule 83-1.3.1, the below related case is currently pending before the United States District Court for the Central District of California:

*Eva Lopez v. Norred & Associates, Inc.*, Case No. 5:19-cv-00558-SVW-SK (the "*Lopez* action"), which is currently pending before Honorable Stephen V. Wilson. The *Lopez* action was filed in the California Superior Court on September 13, 2018 and it was removed to this Court on March 28, 2019.

This lawsuit is clearly related to the *Lopez* action. This case and the *Lopez* action raise virtually the same claims and call for a determination of the same or substantially related or similar questions of law and fact. Both named plaintiffs in each case are non-exempt employees in California who seek unpaid minimum wages, overtime wages, unpaid premium wages, reimbursement of business expenses, and penalties under Labor Code sections 203 and 226 for themselves and the identical classes each of them seeks to represent. Both named plaintiffs are putative members of each other's proposed classes.

For the Court's Convenience, a copy of the Complaint in the *Lopez* action is attached hereto as **Exhibit A**.

Dated: April 16, 2019

|  | **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP** |
|---|---|
| By: | /s/ Anthony Sbardellati |
|  | SARAH KROLL-ROSENBAUM |
|  | ANTHONY SBARDELLATI |
|  | KIMBERLY T. BERNSTEIN |
|  | Attorneys for Defendant |
|  | NORRED & ASSOCIATES, INC. |

EXHIBIT A

From: Paul Denis     Fax: (868) 923-1455·          To: San Bernardino Superic Fax: (909) 708-6586          Page 4 of 50 09/13/2018 1:51 PM

1  Paul Denis [SBN 279026]
   Ethan Rasi [SBN 289848]
2  DENIS & RASI, PC
   38 Corporate Park
3  Irvine, CA 92606
   Telephone: (714) 242-4557
4  Facsimile: (213) 443-9601

5

6  Attorneys for Plaintiff,
   EVA LOPEZ and on behalf of all other similarly situated and aggrieved
7  employees

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

SEP 13 2018

BY _____
VERONICA GONZALEZ, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN BERNARDINO

10 EVA LOPEZ, MOES 1 through 1,000,          [UNLIMITED CIVIL]
   individually, and on behalf of all other
11 similarly situated and aggrieved employees,   CASE NO.: CIVDS1824109

12                    Plaintiff,             CLASS ACTION COMPLAINT FOR
                                            DAMAGES
13           vs.

14 NORRED & ASSOCIATES, INC., a            1. FAILURE TO PAY ALL EARNED
   Georgia corporation; SCHERLIN ORTIZ,       WAGES
15 an individual and DOES 1 through 25,     2. FAILURE TO PAY ALL EARNED
   inclusive,                                 OVERTIME WAGES
16                                          3. FAILURE TO PERMIT PAID 10
                                              MINUTE REST PERIODS
17                    Defendants.           4. FAILURE TO PROVIDE 30 MINUTE
                                              MEAL PERIODS
18                                          5. FAILURE TO TIMELY PAY ALL
                                              EARNED WAGES AND
19                                            COMPENSATION
                                            6. FAILURE TO PAY ALL EARNED
20                                            WAGES AND COMPENSATION
                                              UPON TERMINATION
21                                          7. FAILURE TO PROVIDE LAWFUL
                                              WAGE STATEMENTS
22                                          8. FAILURE TO INDEMNIFY
                                            9. CONVERSION
23                                         10. VIOLATION OF CALIFORNIA
                                              WAGE THEFT PREVENTION ACT
24                                         11. UNFAIR BUSINESS PRACTICES
25

26

27

28

                                  -1-

                              COMPLAINT

1         Plaintiffs and putative Class Representatives, EVA LOPEZ, individually and on behalf of

2   all other similarly situated and aggrieved employees, and MOES 1 through 1,000 ("Plaintiff")

3   allege:

**PARTIES**

4

5       1.    Plaintiff and putative Class Representative, EVA LOPEZ is an adult person who,

6   at all times pertinent hereto, was domiciled in the State of California. she brings this action

7   individually and on behalf of all similarly situated and aggrieved employees of Defendants,

8   NORRED & ASSOCIATES, INC., a Georgia corporation (hereinafter "Norred"; its agent,

9   SCHERLIN ORTIZ (hereinafter "Ms. Ortiz"); and Does 1 through 25, inclusive (hereinafter,

10  collectively, "Defendants"), and on behalf of the general public.

11      2.    The similarly situated and aggrieved employees on whose behalf Plaintiff brings

12  this action include, without limitation: all current and former, non-exempt (non-executive, non-

13  administrative, and non-professional) employees who worked as security guards for Defendants

14  in the State of California, at any time during the period of September 13, 2014, up to and

15  including the present (the "Class"):

16      3.    The "Class" is comprised of the following Sub-Classes:

17      4.    <u>Unpaid Wage and Compensation Sub-Class</u>: Those members of the Class who

18  earned wages and compensation;

19      5.    <u>Overtime Subclass</u>: Those members of the Class who worked in excess of 8 hours

20  in a day, 40 hours in a work week, and/or worked on the 7th consecutive day of a work week;

21      6.    <u>Rest Period Sub-Class</u>: Those members of the Class who worked in excess of 4

22  hours a day and/or in excess of 6 hours a day;

23      7.    <u>Meal Period Sub-Class</u>: Those members of the Class who worked in excess of 5

24  hours a day and/or in excess of 10 hours a day;

25      8.    <u>Untimely Payment of Wages-Compensation Sub-Class</u>: Those members of the

26  Class who were paid wages and other compensation by Defendants;

27      9.    <u>Waiting Time Sub-Class</u>: Those members of the Class who were terminated or

28  quit from the employ of Defendants;

10.     Indemnification Sub-Class: Those members of the Class who incurred expenditures in the discharge of their duties to Defendants;

11.     Wage-Statement Sub-Class: Those members of the Class who received a Wage Statement from Defendants within one year prior to filing of this action, up to, and including, the present;

12.     Labor Code §2810.5 Notice Sub-Class: Those members of the Class;

13.     Conversion Sub-Class: Those members of the Class who earned wages, premium compensation, and/or incurred expenses in the performance of their duties for Defendants;

14.     Unfair Business Practice Sub-Class: Those members of the Class.

15.     Pursuant to the terms of the applicable Wage Order, at no time relevant hereto was the Plaintiff or any fellow member of the Class properly classified as an exempt managerial, administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that neither they nor any fellow member of the Class spent more than one-half of their time working on managerial, administrative, or professional tasks during the Class Period.

16.     On behalf of the Class and the general public, Plaintiff seeks to enforce the public policy favoring compliance with labor and workplace safety and working condition standards expressed under, inter alia, Labor Code § 90.5, to wit: "It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards." Plaintiff alleges that the aforementioned conduct of Defendants violates an important right affecting the public interest, as such phrase is used in Code of Civil Procedure section 1021.5.

17.     Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1 through 25 specifically authorized, directed or participated in the violations of California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Order, against Plaintiff, the aggrieved employees, and the Class, as set forth

-3-

**COMPLAINT**

1  herein, and an ordinarily prudent person, knowing what the directors knew at that time, would not

2  have acted similarly under the circumstances.

3      18.    Plaintiff is ignorant of the true names and capacities of Defendant Does 1 through

4  25, inclusive, and, by reason thereof, sues said Defendants by their fictitious names.  Plaintiff will

5  amend this complaint to allege the true names and capacity of said Doe Defendants when same

6  have been fully and finally ascertained.

7  <u>**VENUE AND JURISDICTION**</u>

8      19.    Plaintiff is informed, believes, and thereon alleges that two-thirds (2/3) or more of

9  the members of the proposed Class in the aggregate, at all times pertinent hereto, including, but

10  not limited to, the period from September 13, 2014, up to and including the present, have been,

11  and continue to be, citizens of the forum state, California, the state in which this action was

12  originally filed.

13      20.    Plaintiff is informed, believes, and thereon alleges that NORRED &

14  ASSOCIATES, INC., SCHERLIN ORTIZ, and Does 1 through 25, inclusive, are the only

15  primary defendants in this action and, at all times pertinent hereto, were and are citizens of the

16  forum state of California.

17      21.    Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants,

18  NORRED & ASSOCIATES, INC., and SCHERLIN ORTIZ, and Does 1 through 25, inclusive, as

19  alleged herein, forms a significant basis for the claims asserted by Plaintiff and her fellow

20  members of the Class/aggrieved employees in this action.

21      22.    Plaintiff is informed, believes, and thereon alleges that Plaintiff and her fellow

22  members of the Class/aggrieved employees are seeking significant relief from Defendants,

23  NORRED & ASSOCIATES, INC., and SCHERLIN ORTIZ, and Does 1 through 25, inclusive.

24      23.    Plaintiff is informed, believes, and thereon alleges that the principal injuries

25  sustained by Plaintiff and her fellow members of the Class/aggrieved employees, as alleges

26  herein, resulted from the conduct of Defendants, NORRED & ASSOCIATES, INC., and

27  SCHERLIN ORTIZ, and Does 1 through 25, inclusive, and were incurred in the forum state -

28  California.

-4-

**COMPLAINT**

24.   Plaintiff is informed, believes, and thereon alleges that the claims asserted in this action do not involve matters of national or interstate interest; rather, this Class action and representative action involve a local controversy of the forum state - California.

25.   Plaintiff is informed, believes, and thereon alleges that the claims asserted is this action will be governed exclusively by the laws of the forum state - California – the state in which this action was originally filed.

26.   Plaintiff is informed, believes, and thereon alleges that this action is brought in the San Bernardino County Superior Court for the State of California as said forum has a distinct nexus with Plaintiff and her fellow members of the Class/aggrieved employees, the harm alleged, as well as Defendants, NORRED & ASSOCIATES, INC., and SCHERLIN ORTIZ, and Does 1 through 25.

27.   Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, the number of citizens from the forum state of California, the state in which the action was originally filed, comprising the proposed Class in the aggregate, is substantially larger than the number of citizens from any other state, and the citizenship of the other members of the Class/aggrieved employees is dispersed among a substantial number of states.

28.   Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, that the claims alleged in this action, and the causes of action derived therefrom, do not involve a federal question(s).

29.   At times pertinent hereto, Plaintiff and her fellow members of the Class/aggrieved employees, as employees of Defendants, performed work, and Defendants' liability arose, in the County of San Bernardino, State of California.

30.   Venue is appropriate in San Bernardino County in that venue in a failure to pay wages claim against a corporate employer is proper in the location where the work was performed. (*Owens v. Paraco, Inc.* (1958) 160 Cal.App.2d 824).  Defendants' liability arose in San Bernardino County, and other counties throughout California, where they committed violations of applicable provisions of the California Business and Professions Code, California Labor Code, and applicable Industrial Welfare Commission Wage Orders, as detailed herein.

-5-

## JOINT EMPLOYER

31.     Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, the named Defendants, Does 1 through 25, and each of them, were acting as the agent and/or employee of each remaining defendant, and were acting within the course and scope of said principal-agency and/or employment relationship, and directed, authorized and/or ratified the conduct set forth in detail herein.  Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleges and that Plaintiff and her fellow members of the Class/aggrieved employees' damages, as herein alleges, were proximately caused by such Defendants, and each of them.

32.     Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1 through 25, inclusive, were, at all times pertinent hereto, joint employers of the named Plaintiff, and other members of the Class/aggrieved employees, as they exercised joint control over and/or right to assign, place and/or supervise the Class members' work or working conditions, maintained joint authority to hire and fire employees, supervised and controlled employee work schedules and employment conditions, determined rate and method of payment, and/or jointly maintained employment records.

33.     Plaintiff is informed, believes, and thereon alleges that at all times relative hereto, Plaintiff and her fellow Class members performed work that simultaneously benefitted Defendants and Does 1 through 25, inclusive.

34.     Plaintiff is informed, believes, and thereon alleges that at all times pertinent hereto, there existed an arrangement between Defendants and Does 1 through 25, inclusive, to share the employee's services, and each Defendant acted, either directly or indirectly, in the interest of their fellow Defendants in relation to the employment of Plaintiff and her fellow Class members/aggrieved employees.

## ALTER EGO – AGENCY ALLEGATIONS

35.     Plaintiff is informed, believes, and thereon alleges that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants and Does 1 through 25, inclusive, on the one hand, and on the other hand, such that any corporate

-6-

1   individuality and separateness between said parties have ceased and that Defendants are the alter

2   ego of each other and Does 1 through 25, inclusive, in that the businesses of Does 1 through 25,

3   inclusive, are so completely dominated, controlled, managed, and operated by Defendants that

4   Does 1 through 25, inclusive, function as a mere instrumentalities through which Defendants

5   conduct their business.

6       36.    Plaintiff is informed, believes, and thereon alleges that adherence to the fiction of

7   the existence of Does 1 through 25, as entities separate and distinct from Defendants, would

8   permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that

9   Plaintiff could be denied a full recovery in the event that the assets of Does 1 through 25 are

10  insufficient to satisfy a judgment entered against them in this action.  The corporate veil

11  established Does 1 through 25, should be pierced and the alter ego doctrine applied in the context

12  of this action.

13      37.    Plaintiff is informed, believes, and thereon alleges that Defendant Does 15 through

14  25 are individuals, directors, officers and shareholders of Defendants and Does 1 through 25, who

15  influence and govern Defendants and Does 1 through 25, and/or were actors in the course of

16  conduct constituting the abuse of the corporate privilege, treating Defendants and Does 1 through

17  25, as their alter ego, rather than as a separate entity, failing, inter alia, to contribute capital, issue

18  stock, or otherwise complete formation of the corporation, use corporate assets as their own,

19  commingle corporate funds with their personal funds, and/or failing to observe corporate

20  formalities. Further, Defendants, and Does 15 through 25, utilized Defendants Does 1 through 25,

21  to circumvent the applicable provisions, and frustrate the statutory policies, of the California

22  Business and Professions Code, California Labor Code and applicable Industrial Welfare

23  Commission Wage Orders, as set forth herein.

24      38.    Plaintiff is informed, believes, and thereon alleges that it would sanction a fraud or

25  promote an injustice to uphold the corporate entities of Defendants and Does 1 through 25, and

26  allow the shareholders of Defendants and Does 15 through 25, to escape personal liability for

27  his/her/their debts to Plaintiff and her fellow members of the Class/aggrieved employees.

28

**COMPLAINT**

39.     Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1 through 25, specifically authorized, directed or participated in the violations of California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Orders, against Plaintiff and her fellow members of the Class/aggrieved employees, as set forth herein, and an ordinarily prudent person, knowing what the directors knew at that time, would not have acted similarly under the circumstances.

## LABOR CODE 558.1 - JOINT LIABILITY

40.     At times pertinent hereto, California Labor Code § 558.1(a)(b) provided: "(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

41.     Plaintiff is informed, believes, and thereon alleges that, at all times pertinent hereto, Defendant Scherlin Ortiz, and Does 1 through 25, were the owner(s), director(s), officer(s), or managing agent(s) acting on behalf of employer, NORRED & ASSOCIATES, INC., and individuals who, in said respective capacities and positions, violated, or caused to be violated, provisions regulating minimum wages or hours and days of work in an order of the Industrial Welfare Commission, and/or violated, or caused to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802 of the California Labor Code.

42.     Plaintiff is informed, believes, and thereon alleges that, at times pertinent hereto, Defendant Scherlin Ortiz was an agent of NORRED & ASSOCIATES, INC.

43.     Plaintiff is informed, believes, and thereon alleges that, pursuant to California Labor Code §558.1, Defendant Scherlin Ortiz, and Does 1 through 25, are liable for the violations asserted herein.

///

-8-

**COMPLAINT**

## APPLICABLE WAGE AND HOUR STANDARDS

44.     At all times pertinent hereto, pursuant to California law, including, but not limited to, Labor Code § 1197-1198, it was unlawful to pay less than the wage established by law or to employ persons in excess of the hours fixed by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the Industrial Wage Commission Wage Orders codified at 8 Cal. Code Reg., Division 1 (the "IWC Wage Orders").

45.     At all times pertinent hereto, California law, including, but not limited to, Labor Code § 510 and the IWC Wage Orders which apply to Plaintiff and her fellow members of the Class/aggrieved employees' employment with Defendants, provided for payment of a minimum wage regardless of the number of hours worked; plus one and one-half (1 ½ ) times each employee's regular rate of pay for all work over eight (8) hours in any workday, forty (40) hours in any workweek, or any work performed on the seventh day of any workweek; plus double the employee's regular rate of pay for work over 12 hours in a work day or over eight hours on the seventh day of any workweek.

46.     At all times pertinent hereto, California law, including, but not limited to, Labor Code § 1194.3, which applies to Plaintiff and her fellow members of the Class/aggrieved employees' employment with Defendants, provided, "An employee may recover attorney's fees and costs incurred to enforce a court judgment for unpaid wages due pursuant to this code."

47.     At all times pertinent hereto, 8 Cal. Code Reg. ("CCR") section 11070 (Industrial Welfare Commission, Industry and Occupation Orders, Wage Order (the "Wage Order"), which applies to Plaintiff and her fellow members of the Class/aggrieved employees' employment with Defendants, required that each non-exempt employee working at least 3.5 hours must be given a paid rest period of not less than ten consecutive minutes, uninterrupted, where the employee is relieved of all duties; and a second rest period of not less than ten consecutive minutes be given to each non-exempt employee working at least six hours in any given workday.

48.     At all times pertinent hereto, the Wage Order and Labor Code § 226.7, provided that each non-exempt employee who was not permitted to take a valid rest period mandated

-9-

**COMPLAINT**

1    thereunder must be paid one hour of additional pay at the employee's regular rate of pay for each

2    such workday in which a valid rest period was not provided.

3        49.     At all times pertinent hereto, the Wage Order required that each employee working

4    at least five hours must be given a paid or unpaid meal period of not less than thirty consecutive

5    minutes, uninterrupted, where the employee is relieved of all job duties; and that a second meal

6    period of not less than thirty consecutive minutes, uninterrupted, be given to each employee

7    working at least ten hours in any given workday. Further, unless the employee is relieved of all

8    duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty"

9    meal period and counted as time worked. An "on duty" meal period shall be permitted only when

.10   the nature of the work prevents an employee from being relieved of all duty and when by written

11   agreement between the parties an on-the-job paid meal period is agreed to. The written agreement

12   shall state that the employee may, in writing, revoke the agreement at any time.

13        50.     At all times pertinent hereto, the Wage Order and Labor Code § 226.7, provided

14   that each employee who was not permitted to take a meal period mandated thereunder must be

15   paid one hour of additional pay at the employee's regular rate of pay for each such workday in

16   which a valid meal period was not provided.

17        51.     At all times pertinent hereto, Labor Code § 200 defined "wages" as including all

18   amounts for labor performed by employees of every description, whether the amount is fixed or

19   ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

20        52.     At all times pertinent hereto, Labor Code § 204 provided that all wages, other than

21   those mentioned in Labor Code §§ 201, 202, 204.1, or 204.2, earned by any person in any

22   employment, are due and payable twice during each calendar month, on days designated in

23   advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days,

24   inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month

25   during which the labor was performed, and labor performed between the 16th and the last day,

26   inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following

27   month.

28

-10-

**COMPLAINT**

53.    At all times pertinent hereto, Labor Code § 201 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

54.    At all times pertinent hereto, Labor Code § 202 provided that if an employee not having a written contract for a definite period quits their employment, their wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

55.    At all times pertinent hereto, Labor Code § 203 provided that an employer who willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

56.    At all times pertinent hereto, California law, including, but not limited to, Labor Code § 226, required Defendants, "at the time of each payment of wages, furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, . . .(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

57.    At all times pertinent hereto, California law, including, Labor Code § 2810.5, provided in pertinent part: "(a) (1) At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information: (A) The

-11-

**COMPLAINT**

1   rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

2   commission, or otherwise, including any rates for overtime, as applicable. (B) Allowances, if any,

3   claimed as part of the minimum wage, including meal or lodging allowances. (C) The regular

4   payday designated by the employer in accordance with the requirements of this code. (D) The

5   name of the employer, including any "doing business as" names used by the employer. (E) The

6   physical address of the employer's main office or principal place of business, and a mailing

7   address, if different. (F) The telephone number of the employer. (G) The name, address, and

8   telephone number of the employer's workers' compensation insurance carrier. (H) That an

9   employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave;

10  may not be terminated or retaliated against for using or requesting the use of accrued paid sick

11  leave; and has the right to file a complaint against an employer who retaliates. (I) Any other

12  information the Labor Commissioner deems material and necessary....(3) If the employer is a

13  temporary services employer, as defined in Section 201.3, the notice described in paragraph (1)

14  must also include the name, the physical address of the main office, the mailing address if

15  different from the physical address of the main office, and the telephone number of the legal

16  entity for whom the employee will perform work, and any other information the Labor

17  Commissioner deems material and necessary. ...(b) An employer shall notify his or her

18  employees in writing of any changes to the information set forth in the notice within seven

19  calendar days after the time of the changes, unless one of the following applies: (1) All changes

20  are reflected on a timely wage statement furnished in accordance with Section 226. (2) Notice of

21  all changes is provided in another writing required by law within seven days of the changes...."

22          58.     Plaintiffs, individually and on behalf of all other similarly situated and aggrieved

23  employees, seek recovery of wages, restitution, as well as penalties for each day to which they

24  and fellow members of the Class/aggrieved employees, were subject to the unlawful conduct of

25  Defendants, to wit: denied wages; not compensated for all hours worked; underpaid for actual

26  hours of work; not compensated at the proper rate for hours worked; not paid all earned overtime;

27  not permitted valid ten (10) consecutive minute, uninterrupted rest periods, relieved of all job

28  duties; were not provided valid thirty (30) consecutive minute, uninterrupted meal periods,

-12-

**COMPLAINT**

1  relieved of all job duties; not timely paid all earned wages and compensation; not indemnified for

2  all work-related expenses and/or not reimbursed for all mandated tools and equipment necessary

3  for the job; were provided inaccurate and incomplete wage statements; not paid all wages earned

4  at the time of the termination of their employment relationship with Defendants; were not

5  provided a valid written notice compliant with Labor Code 2810.5; at any time after January 1,

6  2016, failing to separately document the time associated with earned rest periods and/or other

7  nonproductive time, as well as the corresponding compensation associated therewith, on Plaintiff

8  and their fellow members of the Class/aggrieved employees' respective wage statements; and/or

9  failing to pay the statutorily prescribed wages for rest and recovery periods and non-production

10  time.

11       59.     Plaintiffs, individually and on behalf of all other similarly situated members of

12  the Class/aggrieved employees, also seek remedies for unfair competition and unlawful, unfair, or

13  fraudulent business practices, which deprived Plaintiff and her fellow members of the

14  Class/aggrieved employees of their proper wages, compensation, and benefits in a calculated

15  effort to illegally reduce payroll costs and increase Defendants' profits.

16  **CLASS ALLEGATIONS**

17       60.     The Class consists of all current and former, non-exempt (non-executive, non-

18  administrative, non-professional) employees who worked in the field for Defendants, in the State

19  of California, at any time during the period of September 13, 2018, up to and including the

20  present (the "Class").

21       61.     The "Class" is comprised of the following Sub-Classes:

22  (a) Unpaid Wage and Compensation Sub-Class: Those members of the Class who earned

23       wages and compensation;

24  (b) Overtime Subclass: Those members of the Class who worked in excess of 8 hours in a

25       day, 40 hours in a work week, and/or worked on the 7th consecutive day of a work week;

26  (c) Rest Period Sub-Class: Those members of the Class who worked in excess of 4 hours a

27       day and/or in excess of 6 hours a day;

28

-13-

**COMPLAINT**

(d) Meal Period Sub-Class: Those members of the Class who worked in excess of 5 hours a day and/or in excess of 10 hours a day;

(e) Untimely Payment of Wages-Compensation Sub-Class: Those members of the Class who were paid wages and other compensation by Defendants;

(f) Waiting Time Sub-Class: Those members of the Class who were terminated or quit from the employ of Defendants;

(g) Indemnification Sub-Class: Those members of the Class who incurred expenditures in the discharge of their duties to Defendants;

(h) Wage-Statement Sub-Class: Those members of the Class who received a Wage Statement from Defendants within one year prior to filing of this action, up to, and including, the present;

(i) Labor Code §2810.5 Notice Sub-Class: The members of the Class;

(j) Conversion Sub-Class: Those members of the Class who earned wages, premium compensation, and/or incurred expenses in the performance of their duties for Defendants; and

(k) Unfair Business Practice Sub-Class: The members of the Class.

62.    Plaintiffs reserve the right pursuant to California Rules of Court Rule 3.765, to amend or modify the respective definitions of the Class and/or Sub-Classes to provide greater specificity and/or further division into subclasses or limitation to particular issues.

63.    Plaintiffs and Class Representatives, EVA LOPEZ, were employed with Defendants during the proposed class period, as a member of the non-exempt employees comprising the Class and fellow aggrieved employees.

64.    Plaintiffs are informed, believe and allege that Defendants have consistently maintained and enforced against Plaintiff and her fellow members of the Class/aggrieved employees the following unlawful practices and policies: willfully refusing to pay Plaintiff and her fellow members of the Class/aggrieved employees all of their earned wages and compensation, including minimum, regular and overtime wages; requiring Plaintiff and her fellow members of the Class/aggrieved employees to work "off the clock" to complete their job duties;

-14-

1   requiring Plaintiff and her fellow members of the Class/aggrieved employees to keep their radios

2   ("walkie-talkie") on, even during rest and meal periods, and to remain vigilant and responsive to

3   calls when needs arise; not permitting Plaintiff and her fellow members of the Class/aggrieved

4   employees to take all of their statutorily entitled rest periods; not providing Plaintiff and her

5   fellow members of the Class/aggrieved employees the opportunity to take all of their statutorily

6   entitled meal periods;  failing to pay Plaintiff and her fellow members of the Class/aggrieved

7   employees one hour of compensation at their regular rate of pay, for each earned rest period not

8   permitted and/or each earned meal period not provided; not timely paying Plaintiff and her fellow

9   members of the Class/aggrieved employees all of their earned wages and compensation; not

10   indemnifying Plaintiff and her fellow members of the Class/aggrieved employees for all work

11   related expenses, tools and equipment; failing to furnish to Plaintiff and her fellow members of

12   the Class/aggrieved employees accurate Labor Code § 226.7 compliant wage statements; not

13   timely paying Plaintiff and her fellow members of the Class/aggrieved employees all of their

14   earned wages, compensation and benefits immediately at the termination of their employment or

15   within seventy-two hours of them quitting; not providing Plaintiff and her fellow members of the

16   Class/aggrieved employees a written notice in accordance with Labor Code § 2810.5; and/or

17   failing to pay the statutorily prescribed wages for rest and recovery periods.

18       65.    Plaintiff is informed, believes, and thereon alleges that the number of members of

19   the Class/aggrieved employees number less than one hundred (100). Further, the Class is so

20   numerous that joinder of all members individually would be impractical.

21       66.    Plaintiff is informed, believes, and thereon alleges that all members of the

22   Class/aggrieved employees are similarly situated in that, throughout their employment, they were

23   subject to Defendants' uniform policies and practices whereby Defendants regularly and

24   systematically violated California labor law, including: willfully refused to pay Plaintiff and her

25   fellow members of the Class/aggrieved employees all of their earned wages and compensation,

26   including minimum, regular and overtime wages; required Plaintiff and her fellow members of

27   the Class/aggrieved employees to work "off the clock" to complete their job duties; did not permit

28   Plaintiff and her fellow members of the Class/aggrieved employees to take all of their statutorily

-15-

1   entitled rest periods; did not provide Plaintiff and her fellow members of the Class/aggrieved

2   employees the opportunity to take all of their statutorily entitled meal periods; failed to pay

3   Plaintiff and her fellow members of the Class/aggrieved employees one hour of compensation at

4   their regular rate of pay, for each earned rest period not permitted and/or each earned meal period

5   not provided; failed to timely pay Plaintiff and her fellow members of the Class/aggrieved

6   employees all of their earned wages and compensation; failed to indemnify Plaintiff and her

7   fellow members of the Class/aggrieved employees for all work related expenses, tools and

8   equipment; failed to furnish to Plaintiff and her fellow members of the Class/aggrieved

9   employees accurate Labor Code § 226.7 compliant wage statements; failed to timely pay Plaintiff

10  and her fellow members of the Class/aggrieved employees all of their earned wages,

11  compensation and benefits immediately at the termination of their employment or within seventy-

12  two hours of them quitting; and/or failed to provide Plaintiff and her fellow members of the

13  Class/aggrieved employees a written notice in accordance with Labor Code § 2810.5.

14         67.    Plaintiff is informed, believes, and thereon alleges that Defendants' uniform

15  policies and practices, whereby Defendants regularly and systematically violated California labor

16  law, as described in detail in this Complaint, have affected each member of the Class and fellow

17  aggrieved employees, including Plaintiffs, in a similar fashion.

18         68.    Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful

19  employment policies and practices, raise questions of fact common to the members of the

20  Class/aggrieved employees, including, whether Defendants: refused to pay Plaintiff and her

21  fellow members of the Class/aggrieved employees all of their earned wages and compensation,

22  including minimum, regular and overtime wages; required Plaintiff and her fellow members of

23  the Class/aggrieved employees to work "off the clock" to complete their job duties; did not permit

24  Plaintiff and her fellow members of the Class/aggrieved employees to take all of their statutorily

25  entitled rest periods; did not provide Plaintiff and her fellow members of the Class/aggrieved

26  employees the opportunity to take all of their statutorily entitled meal periods; failed to pay

27  Plaintiff and her fellow members of the Class/aggrieved employees one hour of compensation at

28  their regular rate of pay, for each earned rest period not permitted and/or each earned meal period

-16-

**COMPLAINT**

1   not provided; failed to timely pay Plaintiff and her fellow members of the Class/aggrieved

2   employees all of their earned wages and compensation; failed to indemnify Plaintiff and her

3   fellow members of the Class/aggrieved employees for all work related expenses, tools and

4   equipment; failed to furnish to Plaintiff and her fellow members of the Class/aggrieved

5   employees accurate Labor Code § 226.7 compliant wage statements; failed to timely pay Plaintiff

6   and her fellow members of the Class/aggrieved employees all of their earned wages,

7   compensation and benefits immediately at the termination of their employment or within seventy-

8   two hours of them quitting; and/or failed to provide Plaintiff and her fellow members of the

9   Class/aggrieved employees a written notice in accordance with Labor Code § 2810.5.

10       69.       Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful

11   employment policies and practices, raise numerous questions of law common to the members of

12   the Class/aggrieved employees, including, without limitation: (i) whether the provisions of the

13   Labor Code and 8 CCR § 11050 include the employer's obligation to pay all earned wages and to

14   pay all such earned wages at the time of the termination of a member of the Class' employment;

15   (ii) Defendants' legal obligation to permit members of the Class/aggrieved employees to take paid

16   rest periods of ten (10) consecutive, uninterrupted minutes for shifts in excess of four hours and a

17   second rest period for shifts in excess of six hours; (iii) Defendants' legal obligation to provide

18   members of the Class/aggrieved employees the opportunity to take meal periods of thirty (30)

19   consecutive, uninterrupted minutes for shifts in excess of five hours and a second meal period for

20   shifts in excess of ten hours; (iv) whether Defendants' obligation to provide Labor Code § 226

21   compliant wage statements to the members of the Class/aggrieved employees are applicable to

22   non-exempt employees such as the Plaintiff and her fellow members of the Class/aggrieved

23   employees; (v) Defendants' obligation to provide Plaintiff and her fellow members of the

24   Class/aggrieved employees written notice in accordance with Labor Code § 2810.5; (vi) what

25   tools and equipment were mandated by Defendants and necessary for the work to be performed;

26   (vii) Defendants' obligation to reimburse Plaintiff and her fellow members of the Class/aggrieved

27   employees for work-related expenses; (viii) what remedies, including restitution, compensatory

28   damages, punitive damages, statutory and civil penalties, additional wages and disgorgement of

-17-

**COMPLAINT**

revenue, are available under California law to members of the Class/aggrieved employees who: were not paid all earned wages, compensation and benefits; were not timely paid all earned minimum, regular, overtime and split-shift wages, compensation and benefits; were not paid all wages earned at the time of the termination of their employment relationship with Defendants; were not provided lawful wage statements; were not permitted to take earned ten (10) minute rest periods; and/or were not provided earned thirty (30) minute meal periods; were not provided written notice in accordance with Labor Code § 2810.5; were not reimbursed for work related expense and/or mandated tools and equipment necessary for the job; (ix) the Class members' entitlement to take a paid ten consecutive minute, uninterrupted, rest period for shifts worked in excess of 3.5 (3.5) hours and a second rest period of not less than ten consecutive minutes, uninterrupted, for shifts worked of at least six (6) hours in a given workday; (x) the Class members' entitlement to take a thirty consecutive minute, uninterrupted, meal period for shifts worked in excess of five (5) hours and a second meal period of not less than thirty consecutive minutes, uninterrupted, for shifts worked of at least ten (10) hours in a given workday; (xi) the Class members' entitlement to one hour of pay at the members' regular rate of pay for each paid ten (10) consecutive minute, uninterrupted, rest period that Defendants did not permit the Class members to take; (xii) the Class members' entitlement to one hour of pay at the members' regular rate of pay for each thirty (30) consecutive minute, uninterrupted, meal period that Defendants did not provide the Class members to take; (xiii) the requirements for a wage statement to be compliant with Labor Code § 226; (xiv) the requirements for a written notice to be compliant with Labor Code § 2810.5; (xv) whether Plaintiff and her fellow members of the Class/aggrieved employees are exempt from the provisions of the Wage Order applicable to their employment with Defendants; (xvi) at any time after January 1, 2016, the requirement for Defendants to document the time associated with earned rest periods and/or other nonproductive time, as well as the corresponding compensation associated therewith, on Plaintiff and their fellow members of the Class/aggrieved employees' respective wage statements. (xvii) the requirement to pay the Plaintiff and her fellow members of the Class/aggrieved employees their statutorily prescribed wages for rest and recovery periods and non-production time.

-18-

70.    Plaintiff is informed, believes, and thereon alleges that the claims of Plaintiffs are typical of the claims of the Class because: they encompass the same unlawful policies and practices of Defendants; they arise out of the same alleges course of conduct by Defendants; are based upon the same legal theories as the claims of the Class; and the legal issues raised under the California state laws as a result of Defendants' conduct apply equally to Plaintiff and her fellow members of the Class/aggrieved employees.

71.    Plaintiffs have no conflicts of interest with their fellow members of the Class/aggrieved employees and will be able to fairly and adequately protect the interests of all members of the Class/aggrieved employees.

72.    Plaintiff is informed, believes, and thereon alleges that Robert W. Skripko, Jr., of the Law Office of Robert W. Skripko, Jr., PC, is able to adequately represent the Class, as class counsel, along with the aggrieved employees, with respect to the claims advanced in this action.

73.    The prosecution of separate actions by or against individual members of the Class/aggrieved employees would create a risk of substantial prejudice because separate actions could result in the imposition of incompatible standards of conduct on the party opposing class certification through inconsistent judgments or varying adjudications.  Further, adjudication with respect to individual members of the Class/aggrieved employees could, as a practical matter, be dispositive of the interests of the other members who are not parties to the adjudication and/or could substantially impair or impede their ability to protect their interests.

74.    Plaintiff is informed, believes, and thereon alleges that Defendants have acted and refused to act on grounds generally applicable to all or substantially all of the members of the Class/aggrieved employees.

75.    The questions of law and fact common to the members of the Class/aggrieved employees predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy in that members of the Class/aggrieved employees have little or no interest in individually controlling the prosecution of separate actions;  Plaintiffs are aware of no other litigation concerning the controversy already commenced by members of the Class/aggrieved employees; it

-19-

1   is desirable to concentrate the litigation of the claims in this court because substantially all of

2   Plaintiffs' employment activities for which their claims arise took place within the venue of the

3   above-entitled court and Defendants otherwise conduct business in this jurisdiction; and the

4   action is manageable as a class action because, compared with any other method, such as

5   consolidation of individual actions, a class action is fairer and more efficient, and avoids the

6   potential for inconsistent findings of fact and/or application of law.  Furthermore, a class action

7   would maximize judicial efficiency and minimize the inconvenience to both party and non-party

8   witnesses who would otherwise have to testify in a multitude of proceedings.

9   ## FIRST CAUSE OF ACTION

10   ### (FAILURE TO PAY ALL EARNED WAGES)

11   ### (Against All Defendants)

12   76.   Plaintiffs hereby re-allege and incorporate by reference all facts and allegations

13   alleged in this complaint, as though fully set forth herein.

14   77.   Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiffs and

15   members of the Class/aggrieved employees were not exempt managerial, administrative, or

16   professional employees.

17   78.   Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully

18   failed to pay Plaintiffs and their similarly situated members of the Class/aggrieved employees for

19   all the time worked as a result of Defendants' labor policies and practices, including, but not

20   limited to: (a) requiring members to clock out for a purported meal period and, yet, continue to

21   work, and/or automatically deducting thirty (30) minutes from Class members' time worked even

22   though a valid meal period had not been provided the Class members; unlawfully altering

23   timecards and payroll records so as to falsely deduct and/or not accurately record, time from the

24   hours worked by Plaintiff and her fellow members of the Class/aggrieved employees despite the

25   fact that they continued to work during said period so deducted and/or not recorded;  requiring

26   Plaintiff and her fellow members of the Class/aggrieved employees to work "off the clock" to

27   complete their job duties; rounding down hours, and/or artificially deducting one-half hour from

28   shifts in excess of five hours; retroactively reducing Plaintiff and her fellow members of the

-20-

1   Class/aggrieved employees rate of pay; Defendants unlawful reductions, deductions, and/or

2   failure to document all hours worked substantially reduced the earned hours worked for which

3   Plaintiffs and members of the Class/aggrieved employees received compensation, as well as

4   improperly changed payment of hours that should have been compensated at an overtime rate to

5   wages calculated at their regular rate of pay.

6          79.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully

7   failed and refused and continue to fail and refuse to pay compensation for all hours worked by

8   Plaintiff and her fellow members of the Class/aggrieved employees at their regular rate of pay.

9          80.     As a result of Defendants' conduct, Plaintiff and her fellow members of the

10   Class/aggrieved employees are entitled to a recovery of damages for all unpaid wages at the

11   proper rates of pay as restitution from Defendants.

12          81.     At all times pertinent hereto, California Labor Code § 1194 provided, in pertinent

13   part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less

14   than the legal minimum wage or the legal overtime compensation applicable to the employee is

15   entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or

16   overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

17          82.     At all times pertinent hereto, California Labor Code § 1194.2 provided, in

18   pertinent part: "(a) In any action under Section 98,1193.6, or 1194 to recover wages because of

19   the payment of a wage less than the minimum wage fixed by an order of the commission or by

20   statute, an employee shall be entitled to recover liquidated damages in an amount equal to the

21   wages unlawfully unpaid and interest thereon."

22          83.     At all times pertinent hereto, Labor Code § 1194.3 provided for the recovery of

23   attorney's fees and costs in any action brought to recover the nonpayment of minimum wages.

24          84.     Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

25   their respective corporate officers, directors, and managing agents, ordered, authorized, approved,

26   and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow

27   members of the Class/aggrieved employees of monies to which they were and are entitled under

28

1    California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations,

2    including those which carry criminal penalties for noncompliance.

3    ## SECOND CAUSE OF ACTION

4    ### (FAILURE TO PAY ALL EARNED OVERTIME WAGES)

5    ### (Against All Defendants)

6    85.    Plaintiffs hereby re-allege and incorporate by reference all facts and allegations

7    alleged in this complaint as though fully set forth herein.

8    86.    Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiff and her

9    fellow members of the Class/aggrieved employees were not exempt managerial, administrative,

10   or professional employees.

11   87.    Plaintiff is informed, believes, and thereon alleges that for each day and week

12   within the applicable limitations period, during the course of their employment with Defendants,

13   Plaintiff and her fellow members of the Class/aggrieved employees performed work without

14   being paid the required overtime wage under California law, including, but not limited to, the

15   Wage Order and Labor Code § 1182.12.

16   88.    Plaintiff is informed, believes, and thereon alleges that for each day and week

17   within the applicable limitations period, during the course of their employment with Defendants,

18   Plaintiff and her fellow members of the Class/aggrieved employees performed work in excess of

19   eight hours per day, forty hours per week, and/or the first eight hours of work on a seventh

20   consecutive day as well as double their regular rate of pay for work in excess of twelve hours per

21   day or in excess of eight hours on the seventh consecutive day of work, without being paid the

22   required overtime wages under California law, including, but not limited to, the Wage Order and

23   Labor Code §§ 510, 512.

24   89.    Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully

25   failed, refused and continue to fail and refuse to pay Plaintiff and her fellow members of the

26   Class/aggrieved employees one and one-half times their regular rate of pay for hours worked in

27   excess of 8 hours in a given day, 40 hours in a given seven day period, in addition to the first 8

28   hours of the seventh consecutive day of work; as well as double their regular rate of pay for work

-22-

1   in excess of twelve hours per day, or in excess of eight hours on the seventh consecutive day of

2   work.

3        90.    Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully

4   altered timecards and payroll records by artificially and excessively deducting, and/or not

5   accurately recording time from the hours worked by Plaintiff and her fellow members of the

6   Class/aggrieved employees despite the fact that they continued to work during said period so

7   deducted and/or not recorded. Said unlawful reductions substantially reduced the earned hours

8   worked for which Plaintiffs and members of the Class/aggrieved employees received their

9   minimum wage and/or improperly changed payment of hours that should have been compensated

10   at an overtime rate to wages calculated at their regular rate of pay.

11        91.    As a result of Defendants' conduct, Plaintiff and her fellow members of the

12   Class/aggrieved employees are entitled to a recovery of damages for all unpaid overtime wages at

13   the proper rates of pay as restitution from Defendants.

14        92.    At all times pertinent hereto, California Labor Code § 1194 provided:

15   "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the

16   legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

17   recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

18   compensation, including interest thereon, reasonable attorney's fees, and costs of suit".

19        93.    At all times pertinent hereto, Labor Code § 1194.3 provided for the recovery of

20   attorney's fees and costs in any action brought to recover the nonpayment of minimum or

21   overtime wages.

22        94.    Plaintiff is informed, believes, and thereon alleges that Defendants, and each of

23   them, by and through their respective corporate officers, directors, and managing agents, ordered,

24   authorized, approved, or ratified the conduct herein alleges with the intent to deprive Plaintiff and

25   her fellow members of the Class/aggrieved employees of the minimum and overtime wages to

26   which they were entitled under California law so as to increase Defendants' profits,

27   notwithstanding their statutory obligations, including those which carry criminal penalties for

28   noncompliance.

## THIRD CAUSE OF ACTION

### (FAILURE TO PERMIT PAID 10 MINUTE REST PERIODS)

#### (Against All Defendants)

95.     Plaintiffs hereby re-allege and incorporate by reference all facts and allegations alleged in this complaint as though fully set forth herein.

96.     Pursuant to the terms of the applicable Wage Order, at no time relevant hereto were Plaintiffs or any fellow member of the Class properly classified as an exempt managerial, administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that neither they nor any fellow member of the Class spent more than one-half of their time working on managerial, administrative, or professional tasks during the relevant time periods.

97.     Plaintiff is informed, believes, and thereon alleges that Defendants have consistently and continuously promulgated and enforced policies and practices, each day and week of each pay period within the applicable limitations period, under which Plaintiff and her fellow members of the Class/aggrieved employees regularly worked shifts in excess of four hours without being permitted the opportunity to take a paid rest period of at least ten (10) consecutive minutes, uninterrupted, relieved of all job duties, and worked more than six (6) hours at a time without being allowed a second paid ten (10) consecutive minute, uninterrupted, rest period, relieved of all job duties.

98.     Plaintiff is informed, believes, and thereon alleges that no member of the Class has ever been paid their earned compensation for work performed by members of the Class/aggrieved employees during the rest period to which they were entitled, yet not provided the opportunity to take, as well as additional monies required under Labor Code § 226.7. Instead, Defendants have unlawfully failed and refused and continue to fail and refuse to pay monies to Plaintiff and her fellow members of the Class/aggrieved employees for labor performed during the rest periods which Defendants refused to permit Plaintiff and her fellow members of the Class/aggrieved employees opportunity to take.

99.     Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved,

-24-

and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow members of the Class/aggrieved employees of the monies to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including obligations which carry criminal penalties for noncompliance.

### FOURTH CAUSE OF ACTION

### (FAILURE TO PROVIDE 30 MINUTE MEAL PERIODS)

### (Against All Defendants)

100.    Plaintiffs hereby re-allege and incorporate by reference all facts and allegations alleged in this complaint as though fully set forth herein.

101.    Pursuant to the terms of the applicable Wage Order, at no time relevant hereto were the Plaintiffs or any fellow member of the Class properly classified as an exempt managerial, administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that neither Plaintiffs nor fellow members of the Class/aggrieved employees member spent more than one-half of their time working on managerial, administrative, or professional tasks during the Class Period.

102.    Plaintiff is informed, believes, and thereon alleges that during each day and week of each pay period within the applicable limitations period, Defendants have consistently and continuously promulgated and enforced policies and practices under which the Plaintiff and her fellow members of the Class/aggrieved employees regularly worked more than five (5) hours at a time without being permitted the opportunity to take a meal period of at least thirty (30) consecutive minutes, uninterrupted, relieved of all job duties, and worked more than ten (10) hours at a time without being allowed a second thirty (30) consecutive minute, uninterrupted, meal period, relieved of all job duties.

103.    The nature of the work performed by Plaintiff and her fellow members of the Class/aggrieved employees did not prevent them from being relieved of all job duties.

104.    Plaintiff is informed, believes, and thereon alleges that neither Plaintiffs nor fellow members of the Class/aggrieved employees have ever been paid their earned compensation for work they performed during the meal period to which they were entitled, yet not provided the

-25-

1  opportunity to take, as well as additional monies required under Labor Code § 226.7. Instead,

2  Defendants unlawfully failed, refused and continue to fail and refuse to pay monies to Plaintiffs

3  and the Class for labor performed during the meal periods which Defendants refused to provide

4  Plaintiff and her fellow members of the Class/aggrieved employees the opportunity to take.

5      105.   Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

6  their respective corporate officers, directors, and managing agents, ordered, authorized, approved,

7  and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow

8  members of the Class/aggrieved employees of monies to which they were and are entitled under

9  California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations,

10  including obligations which carry criminal penalties for noncompliance.

11  **FIFTH CAUSE OF ACTION**

12  **(FAILURE TO TIMELY PAY ALL EARNED WAGES AND COMPENSATION)**

13  **(Against All Defendants)**

14      106.   Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in

15  this Complaint as though fully set forth herein.

16      107.   At all times pertinent hereto, California law, including, but not limited to, Labor

17  Code § 204 provided that all wages, other than those mentioned in Labor Code § 201, 202, 204.1,

18  or 204.2, earned by any person in any employment, are due and payable twice during each

19  calendar month, on days designated in advance by the employer as the regular paydays. Labor

20  performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for

21  between the 16th and the 26th day of the month during which the labor was performed, and labor

22  performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for

23  between the 1st and 10th day of the following month.

24      108.   Plaintiff is informed, believes, and thereon alleges that Defendants failed to timely

25  tender Plaintiff and her fellow members of the Class/aggrieved employees all of their earned

26  minimum and regular wages, split-shift wages, overtime wages, and Labor Code § 226.7

27  compensation, earned by Plaintiff and her fellow members of the Class/aggrieved employees, in

28  accordance with California law, including, but not limited to, Labor Code § 204, such that labor

-26-

COMPLAINT

performed between the 1st and 15th days, inclusive, of any calendar month was not paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, was not paid for between the 1st and 10th day of the following month.

109.   Plaintiff is informed, believes, and thereon alleges that as a consequence of Defendants' failure to timely tender Plaintiff and her fellow members of the Class/aggrieved employees all of their earned minimum and regular wages, overtime wages, and Labor Code § 226.7 compensation, Plaintiffs were deprived of the timely receipt of their earned wages and other compensation and, as a result thereof, were deprived of the interest and monetary appreciation that would accrue on said monies - financial growth which Defendants were afforded the opportunity to realize as a consequence of their unlawful and unfair withholding of said wages and compensation earned by, and due and owing, Plaintiff and her fellow members of the Class/aggrieved employees.

110.   At all times pertinent hereto, California law, including, but not limited to, Labor Code § 215 provided, "Any person, or the agent, manager, superintendent or officer thereof, who violates any provision of Section 201.3, 204, 204b, 205, 207, 208, 209, or 212 is guilty of a misdemeanor. Any failure to keep posted any notice required by Section 207 is prima facie evidence of a violation of these sections."

111.   At all times pertinent hereto, California law, including, but not limited to, Labor Code § 216 provided, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made. (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

112.   Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, or ratified the conduct herein alleged with the intent to deprive Plaintiffs

-27-

COMPLAINT

1  and fellow members of the Class/aggrieved employees of the wages to which they were entitled

2  under California law so as to increase Defendants' profits, regardless of their statutory

3  obligations, including those which carry criminal penalties for noncompliance.

4  ### SIXTH CAUSE OF ACTION

5  ### (FAILURE TO PAY ALL EARNED WAGES AND COMPENSATION UPON

6  ### TERMINATION OF EMPLOYMENT)

7  **(Against All Defendants)**

8  113.   Plaintiffs hereby re-allege and incorporate by reference all facts and allegations

9  alleged in this complaint as though fully set forth herein.

10  114.   At all times pertinent hereto, Labor Code § 201 provided that if an employer

11  discharges an employee, the wages earned and unpaid at the time of discharge are due and

12  payable immediately.

13  115.   At all times pertinent hereto, Labor Code § 202 provided that if an employee not

14  having a written contract for a definite period quits their employment, their wages shall become

15  due and payable not later than 72 hours thereafter, unless the employee has given 72 hours

16  previous notice of their intention to quit, in which case the employee is entitled to their wages at

17  the time of quitting.

18  116.   Plaintiff is informed, believes, and thereon alleges that for each day and week of

19  each pay period within the applicable limitations period, Plaintiffs and members of the

20  Class/aggrieved employees' employment relationship with Defendants was terminated without

21  Defendants paying all wages, compensation and benefits due Plaintiff and her fellow members of

22  the Class/aggrieved employees in the time period prescribed by the Labor Code.

23  117.   Plaintiff is informed, believes, and thereon alleges that Plaintiff and her fellow

24  members of the Class/aggrieved employees have been available and ready to receive wages,

25  compensation and benefits owed to them.

26  118.   Plaintiff is informed, believes, and thereon alleges that Plaintiffs and the fellow

27  members of the Class/aggrieved employees have not refused to receive any payment, nor have

28  Plaintiffs or the fellow members of the Class/aggrieved employees been absent from their regular

-28-

**COMPLAINT**

1   place of residence to receive the wages, compensation and benefits due and owing them by

2   Defendants.

3       119.   Plaintiff is informed, believes, and thereon alleges that Defendants' failure to pay

4   Plaintiff and her fellow members of the Class/aggrieved employees their wages, compensation

5   and benefits due and owing, as set forth in detail herein, was willful; Defendants have knowingly

6   refused to pay Plaintiff and her fellow members of the Class/aggrieved employees all of the

7   wages, compensation, and benefits due and owing Plaintiff and her fellow members of the

8   Class/aggrieved employees.

9       120.   At all times pertinent hereto, Labor Code § 203 provided that an employer who

10   willfully fails to pay, without abatement or reduction, in accordance with Labor §§ 201, 201.5,

11   202, and 205.5, any wages of an employee who is discharged or who quits, the daily wages of the

12   employee shall continue as a penalty from the due date thereof at the same daily rate until paid or

13   until an action therefore is commenced up to, but not more than thirty (30) days.

14       121.   At all times pertinent hereto, Labor Code § 216 provided that in addition to any

15   other penalty imposed by the article, any person, or an agent, manager, superintendent, or officer

16   thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay

17   wages due and payable after demand has been made;  (b) Falsely denies the amount or validity

18   thereof, or that the same is due, with intent to secure for himself, their employer or other person,

19   any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or

20   defraud, the person to whom such indebtedness is due.

21       122.   At all times pertinent hereto, California law, including, but not limited to, Labor

22   Code § 1194, provided that for any action brought for the nonpayment of wages, fringe benefits,

23   or health and welfare or pension fund contributions, the court shall award reasonable attorney's

24   fees and costs to the prevailing party if any party to the action requests attorney's fees and costs

25   upon the initiation of the action.

26       123.   At all times pertinent hereto, Labor Code § 1194.2 provided that in any action

27   brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages

28

-29-

**COMPLAINT**

1    at the rate of interest specified in Civil Code § 3289(b), which shall accrue from the date that the

2    wages were due and payable.

3        124.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

4    their respective officers, directors, and managing agents, ordered, authorized, approved and/or

5    ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow members of

6    Class of the monies to which they were entitled under California law, so as to increase

7    Defendants' profits, regardless of their statutory obligations, including those which carry criminal

8    penalties for noncompliance.

9                            <u>**SEVENTH CAUSE OF ACTION**</u>

10                    **(FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS)**

11                            **(Against All Defendants)**

12       125.    Plaintiffs hereby re-allege and incorporate by reference all facts and allegations

13   alleged in this complaint as though fully set forth herein.

14       126.    At all times pertinent hereto, California Labor Code § 226 required Defendants, at

15   the time of each payment of wages, to furnish each of their employees, either as a detachable part

16   of the check, draft, or voucher paying the employee's wages, or separately when wages are paid

17   by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2)

18   total hours worked by the employee, [...] (4) all deductions, provided, that all deductions made

19   on written orders of the employee may be aggregated and shown as one item, (5) net wages

20   earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

21   employee and their social security number, (8) the name and address of the legal entity that is the

22   employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding

23   number of hours worked at each hourly rate by the employee.

24       127.    Plaintiff is informed, believes, and thereon alleges that for each day and week of

25   each pay period within the applicable limitations period, Defendants failed to provide an itemized

26   statement in writing that complied with Labor Code § 226, including, but not limited to, the

27   following:  failing to accurately report the total number of hours actually worked by Plaintiff and

28   her fellow members of the Class/aggrieved employees; failing to accurately record all earned

                                        -30-

overtime; failing to list the applicable hourly rate in effect during the pay period and accurately record the corresponding number of hours worked at each hourly rate by Plaintiffs and their fellow members of the Class/aggrieved employees.

128. As a result of Defendants' failure, Plaintiff and her fellow members of the Class/aggrieved employees are entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurred and one hundred dollars per for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, plus costs and reasonable attorney's fees pursuant to California law, including, but not limited to, Labor Code §226(e).

## EIGHTH CAUSE OF ACTION

### (FAILURE TO INDEMNIFY)

### (Against All Defendants)

129. Plaintiffs hereby re-allege and incorporate by reference the allegations and facts set forth in this Complaint as though fully set forth herein.

130. At all times pertinent hereto, Section 8 the Wage Order provided, "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

131. At all times relevant hereto, California law, including, but not limited to, Labor Code § 2802, provided in pertinent part: "(a) An employer shall indemnify his or their employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or their duties, or of his or their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

132. Plaintiff is informed, believes, and thereon alleges that during the period of September 13, 2014, up to and including the present, Defendants violated Labor Code §2802 by failing to indemnify Plaintiff and her fellow members of the Class/aggrieved employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or their duties. Such failures include, but are not limited to, back-charging Plaintiff and her

-31-

1  fellow members of the Class/aggrieved employees for purportedly failing to return uniforms and
2  any lost equipment.

3      133.   At all times relevant hereto, California law, including, but not limited to, provision
4  9 of the governing Industrial Welfare Commission Wage Order, provided in pertinent part: "9.
5  UNIFORMS AND EQUIPMENT …(B) When such tools and equipment shall be provided and
6  maintained by the employer, except that an employee whose wages are at least two (2) times the
7  minimum wage provided herein may be required to provide and maintain hand tools and
8  equipment customarily required by the trade or craft."

9      134.   Plaintiff is informed, believes, and thereon alleges that during the period of
10  September 13, 2014, up to and including the present, Defendants violated provision 9 of the
11  governing Industrial Welfare Commission Wage Order by failing to provide Plaintiff and her
12  fellow members of the Class/aggrieved employees tools or equipment that were required by
13  Defendants or were necessary to the performance of the job. Such tools and equipment include,
14  but are not limited to: Star tool, tone generators, wand, phone security tool, ladder, and hard hats.

15      135.   At all times relevant hereto, California law, including, but not limited to, Labor
16  Code § 2802, provided in pertinent part: "(a) An employer shall indemnify his or their employee
17  for all necessary expenditures or losses incurred by the employee in direct consequence of the
18  discharge of his or their duties, or of his or their obedience to the directions of the employer, even
19  though unlawful, unless the employee, at the time of obeying the directions, believed them to be
20  unlawful. (b) All awards made by a court or by the Division of Labor Standards Enforcement for
21  reimbursement of necessary expenditures under this section shall carry interest at the same rate as
22  judgments in civil actions. Interest shall accrue from the date on which the employee incurred the
23  necessary expenditure or loss.  (c) For purposes of this section, the term "necessary expenditures
24  or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred
25  by the employee enforcing the rights granted by this section."

26      136.   Plaintiffs and fellow members of the Class/aggrieved employees have incurred
27  costs and attorneys' fees, and will continue to incur costs and attorneys' fees to enforce their
28  rights and the rights of their fellow members of the Class/aggrieved employees under the Labor

1   Code. Plaintiffs and fellow members of the Class/aggrieved employees are entitled to recover

2   their reasonable attorneys' fees and costs in an exact amount to be proven at trial.

3       137.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through

4   their respective corporate officers, directors, and managing agents, ordered, authorized, approved,

5   and/or ratified the conduct herein alleged with intent to deprive the Plaintiff and her fellow

6   members of the Class/aggrieved employees of monies and other benefits to which they were and

7   are entitled under California law, so as to increase Defendants' profits, notwithstanding clear

8   statutory obligations, including obligations which carry criminal penalties for noncompliance.

9   **NINTH CAUSE OF ACTION**

10  **(CONVERSION)**

11  **(Against All Defendants)**

12      138.    Plaintiffs hereby re-allege and incorporate by reference all facts and allegations

13  alleged in this complaint as though fully set forth herein.

14      139.    The California Supreme Court determined that the Labor Code does not provide

15  the exclusive remedies for unpaid wages. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.

16  4th 163, 96 Cal. Rptr. 2d 518, 999 P.2d 706 (2000). California established the Industrial Welfare

17  Commission ("IWC"), the entity charged with determining and enforcing a minimum wage, by

18  statute in 1913. *Martinez v. Combs*, 49 Cal.4th 35, 50, 109 Cal. Rptr. 3d 514, 231 P.3d 259

19  (2010).

20      140.    The first minimum wage of $0.16 per hour was established in 1916. Also in 1913,

21  the California legislature enacted a statute enabling any employee to recover wages due under the

22  minimum wage and overtime laws. *Martinez*, 49 Cal.4th at 50 (citing Cal. Lab. Code § 1194). Prior

23  to 1913, actions existed to recover unpaid wages and overtime wages at common law. Under the

24  common law, an employee could recover unpaid wages through an action in contract or, if the

25  contract was legally void, in *quantum meruit* for the value of services rendered. *Brown v. Crown*

26  *Gold Milling Co.*, 150 Cal. 376, 383-84, 89 P. 86 (1907) (discussing actions for breach of an

27  employment contract and actions in *quantum meruit* for recovery of the value of services rendered

28  in employment).

-33-

141.    Historically, employees seeking restitution for unlawfully withheld wages have been afforded the opportunity to obtain relief under multiple legal theories including, *inter alia*, common law actions, breach of contract, *quantum meruit* and/or violation of the California Business and Professions Code. When enacted, the California Labor Code merely codified employees' existing rights to the restitution of unlawfully withheld wages.

142.    If a right existed at common law, a statutory remedy is generally cumulative, even if the remedy is comprehensive. *Rojo v. Kliger*, 52 Cal. 3d 65, 79-80, 276 Cal. Rptr. 130, 801 P.2d 373 (1990).

143.    The wage and hour allegations asserted by Plaintiffs, individually, and on behalf of their similarly situated members of the Class/aggrieved employees, are not held to the "new right-exclusive remedy" doctrine because: (1) said claims have historically been brought under multiple theories of liability, including conversion; and (2) the applicable California Labor Codes do not create a new right, but rather, codify an existing right—restitution for unlawfully withheld wages.

144.    Plaintiff is informed, believes, and thereon alleges that, at all times pertinent hereto, Defendants wrongfully and intentionally exercised control over Plaintiff and her fellow members of Class' personal property in the form of their earned minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest. Plaintiff and her fellow members of Class owned and had a right to possess their earned minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest.

145.    Defendants intentionally and substantially interfered with Plaintiff and her fellow members of Class' ownership of, and right to possess, their earned minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest, by taking possession of said minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest, and preventing Plaintiff and her fellow members of Class from having access to the said minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest as detailed hereinabove.

-34-

146. Defendants' acts of taking possession of Plaintiff and her fellow members of Class's minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest, and preventing Plaintiff and her fellow members of Class from having access to the said minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest include, but are not limited to the following: (a) making deductions to Plaintiff and her fellow members of Class' earned minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest.

147. Undisclosed to, and unknown by, Plaintiff and her fellow members of the Class/aggrieved employees, Defendants engaged in the following fraudulent conduct: Defendants withheld and retained Plaintiff and her fellow members of the Class/aggrieved employees' earned minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest.

148. Defendants intentionally failed to pay Plaintiff and her fellow members of the Class/aggrieved employees their earned minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest, by, inter alia: intentionally rounding down the time actually worked; intentionally compelling Plaintiff and her fellow members of the Class/aggrieved employees to work off-the-clock; intentionally refusing to pay Plaintiff and her fellow members of the Class/aggrieved employees one hour of premium pay compensation for each rest period to which they were entitled but not permitted to take, and each earned meal period that was not provided; intentionally refusing to pay Plaintiff and her fellow members of the Class/aggrieved employees the benefits in which they were vested; intentionally refusing to pay all earned overtime wages; and intentionally failing to remit all interest which should have accrued on said monetary sums has Defendants tendered same to Plaintiff and her fellow members of the Class/aggrieved employees in accordance with the time requirements specified in California law, including, but not limited to, the California Labor Code and applicable IWC Wage Order, as noted herein.

149. Defendants intentionally asserted ownership over Plaintiff and her fellow members of the Class/aggrieved employees' earned minimum, regular rate, overtime wages, Labor Code §

-35-

226.7 premium pay compensation, benefits, and interest, all of which actually were and are Plaintiff and her fellow members of the Class/aggrieved employees' personal property, and utilized such for Defendants' own benefit.

150.    As a result of said unlawful actions by Defendants set forth in detail herein, Plaintiff and her fellow members of the Class/aggrieved employees incurred damages.

151.    Plaintiff and her fellow members of Class did not consent to Defendants' actions set forth in detail herein.

152.    As a result of said unlawful actions by Defendants set forth in detail herein, Plaintiff and her fellow members of Class were harmed; and

153.    Defendants' conduct, detailed herein, was a substantial factor in causing harm to Plaintiff and her fellow members of Class.

154.    Defendants' intention or purpose by their unlawful conduct detailed herein, was to convert Plaintiff and her fellow members of Class's earned minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest, and to exercise ownership over them and to prevent Plaintiff and her fellow members of Class from taking possession of Plaintiff and her fellow members of Class's respective earned minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest thereon.

155.    Plaintiff and her fellow members of Class's respective earned minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest, converted by Defendants, are a specific, identifiable sum, by virtue of the fact that at all times pertinent hereto, California labor law, including, but not limited to, Labor Code §§ 226, 353, 400 et. seq., 1174, 1174.5, and 1175, required Defendants to accurately record Plaintiff and her fellow members of Class's specific and identifiable earned minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest, and maintain said records thereafter.

156.    At all times pertinent hereto, Labor Code § 1174 provided in pertinent part:  Every person employing labor in this state shall:  (a) Furnish to the commission, at its request, reports or

-36-

information that the commission requires to carry out this chapter. The reports and information shall be verified if required by the commission or any member thereof.  (b) Allow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make. The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person. (c) Keep a record showing the names and addresses of all employees employed and the ages of all minors. (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

157.   At all times pertinent hereto, Labor Code § 1174.5 provided in pertinent part: "Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

158.   At all times pertinent hereto, Labor Code § 1175 provided in pertinent part:  Any person, or officer or agent thereof, is guilty of a misdemeanor who:  (a) Neglects or refuses to furnish the information requested under the provisions of Section 1174. (b) Refuses access to his place of business or employment to any member of the commission or employee of the Division of Labor Standards Enforcement when administering or enforcing this chapter. (c) Hinders such member, or employee in securing information authorized by Section 1174. (d) Fails to keep any of the records required by Section 1174.

159.   Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleges with intent to deprive the Plaintiff and her fellow members of the Class/aggrieved employees of monies and other benefits to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including obligations which carry criminal penalties for noncompliance.

160.   At all times pertinent hereto, California Civil Code § 3294(a) provided that as to Defendants who have been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover exemplary damages for the sake of example and by way of punishing said defendants.

161.   At all times pertinent hereto, California Civil Code § 3294(a) provided that an employer shall be liable for damages pursuant to subdivision (a) if the employer authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

162.   Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleges herein, Defendants, by an through their officers, directors and managing agents, such that said corporate entities function as a mere instrumentalities through which said individuals conduct their business, in particular, acted in conscious and intentional disregard for the economic rights, and health and welfare of Plaintiffs and members of the Class/aggrieved employees.

163.   Defendants acted with oppression, as such term is defined in Civil Code § 3294(c)(2), in that they engaged in despicable conduct that subjected their workers to cruel and unjust hardships in conscious disregard of their rights.

164.   Defendants acted with fraud, as that term is defined in Civil Code § 3294(c)(3), in that they intentionally misrepresented, deceit, or concealed material facts known to the Defendants, including, but not limited to the following: rounding down and/or not recording the

-38-

**COMPLAINT**

1    amount of time Plaintiff and her fellow members of the Class/aggrieved employees actually

2    worked, making deductions to and withholding from Plaintiff and her fellow members of the

3    Class/aggrieved employees their earned minimum, regular rate, overtime wages, Labor Code §

4    226.7 premium pay compensation, and benefits, and Defendants retained the interest earned on

5    said monetary sums unlawfully withheld.

6       165.    Undisclosed to, and unknown by, Plaintiff and her fellow members of the

7    Class/aggrieved employees, Defendants fraudulently retained said earned minimum, regular rate,

8    overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest,  with the

9    intention on the part of the Defendants of thereby depriving Plaintiff and her fellow members of

10   the Class/aggrieved employees of personal property in said monetary sums, or legal rights or

11   otherwise causing injury.

12      166.    Defendants acted with malice, as such term is defined in Civil Code § 3294(c)(1),

13   in that they engaged in despicable conduct carried out with a willful and conscious disregard for

14   the rights of Plaintiff and her fellow members of the Class/aggrieved employees relative to their

15   earned minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay

16   compensation, benefits, and interest.

17      167.    Pursuant to Civil Code § 3294, as a consequence of Defendants' promulgation and

18   enforcement of the oppressive, fraudulent, and malicious workplace policies and practices

19   described hereinabove, Plaintiff and her fellow members of the Class/aggrieved employees are

20   entitled to recover from Defendants, Plaintiff and her fellow members of the Class/aggrieved

21   employees' actual damages, as well as exemplary damages against Defendants in an amount

22   sufficient deemed by the trier of fact sufficient to punish, deter, and make an example of said

23   Defendants.

## TENTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA WAGE THEFT PREVENTION ACT)

**(Against All Defendants)**

27      168.    Plaintiffs hereby re-allege and incorporate by reference all facts and allegations

28   alleged in this complaint as though fully set forth herein.

-39-

169.   At all times pertinent hereto, California's Wage Theft Prevention Act, codified in part in California Labor Code § 2810.5, provided in pertinent part: (a) (1) At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information: (A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable. (B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances. (C) The regular payday designated by the employer in accordance with the requirements of this code. (D) The name of the employer, including any "doing business as" names used by the employer. (E) The physical address of the employer's main office or principal place of business, and a mailing address, if different. (F) The telephone number of the employer. (G) The name, address, and telephone number of the employer's workers' compensation insurance carrier. (H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates. (I) Any other information the Labor Commissioner deems material and necessary. ...(b) An employer shall notify his or her employees in writing of any changes to the information set forth in the notice within seven calendar days after the time of the changes, unless one of the following applies: (1) All changes are reflected on a timely wage statement furnished in accordance with Section 226. (2) Notice of all changes is provided in another writing required by law within seven days of the changes.

170.   Plaintiff is informed, believes, and thereon alleges that all times pertinent hereto, Defendants were not security services companies licensed by the Department of Consumer Affairs and that solely provided security services.

171.   At all times pertinent hereto, neither Plaintiffs nor their fellow members of the Class/aggrieved employees were employees directly employed by the state or any political subdivision thereof, including any city, county, city and county, or special district.

-40-

**COMPLAINT**

172.   At all times pertinent hereto, neither Plaintiffs nor their fellow members of the Class/aggrieved employees were employees who were exempt from the payment of overtime wages by statute or the wage orders of the Industrial Welfare Commission.

173.   At all times pertinent hereto, neither Plaintiffs nor their fellow members of the Class/aggrieved employees were employees who were covered by a valid collective bargaining agreement which expressly provided for the wages, hours of work, and working conditions of the employee, or an agreement which provided premium wage rates for all overtime hours worked and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage.

174.   Plaintiff is informed, believes, and thereon alleges that at no time during the Class Period did Defendants provide either Plaintiffs or their fellow members of the Class/aggrieved employees the written notice required pursuant to the California's Wage Theft Prevention Act, codified in part in California Labor Code § 2810.5.

## ELEVENTH CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICES)

### (Against All Defendants)

175.   Plaintiffs hereby re-allege and incorporate by reference all facts and allegations alleged in this complaint as though fully set forth herein.

176.   Plaintiff is informed, believes, and thereon alleges that for each day and week of each pay period within the applicable limitations period, Defendants reaped substantial unjust revenue by, inter alia: (a) willfully refusing to pay Plaintiff and her fellow members of the Class/aggrieved employees all of their earned wages and compensation, including minimum, regular,  overtime wages, by requiring, inter alia, Plaintiff and her fellow members of the Class/aggrieved employees to work "off the clock" to complete their job duties, rounding down hours, not recording hours, and/or artificially deducting one-half hour from shifts in excess of five hours; (b) not permitting Plaintiff and her fellow members of the Class/aggrieved employees to take all of their statutorily entitled rest periods; (c) not providing Plaintiff and her fellow members of the Class/aggrieved employees the opportunity to take all of their statutorily entitled meal periods; (d) failing to pay Plaintiff and her fellow members of the Class/aggrieved employees

-41-

one hour of compensation at their regular rate of pay, for each earned rest period not permitted and/or each earned meal period not provided; (e) not indemnifying Plaintiff and her fellow members of the Class/aggrieved employees for all work related expenses and/or reimbursing Plaintiff and her fellow members of the Class/aggrieved employees for tools and equipment mandated by Defendants and/or necessary for the job; (f) not timely paying Plaintiff and her fellow members of the Class/aggrieved employees all of their earned wages and compensation; (g) failing to furnish to Plaintiff and her fellow members of the Class/aggrieved employees accurate Labor Code § 226.7 compliant wage statements; (h) not timely paying Plaintiff and her fellow members of the Class/aggrieved employees all of their earned wages, compensation and benefits immediately at the termination of their employment or within seventy-two hours of them quitting; (i) not providing Plaintiff and her fellow members of the Class/aggrieved employees a written notice in accordance with Labor Code § 2810.5; and/or (j) failing to abide by other provisions of the California Labor Code and Code of Regulations, including, without limitation, Labor Code §§ 90 et seq., 200 et seq., 510, 512, 1194 and other sections, as well as the Wage Order.

177.    Plaintiff is informed, believes, and thereon alleges that during the period of September 13, 2014, up to and including the present, Defendants committed unfair and unlawful business acts including, but not limited to, inter alia: (a) willfully refusing to pay Plaintiff and her fellow members of the Class/aggrieved employees all of their earned wages and compensation, including minimum, regular, overtime wages, by requiring, inter alia, Plaintiff and her fellow members of the Class/aggrieved employees to work "off the clock" to complete their job duties, not recording hours worked; rounding down hours, and/or artificially deducting one-half hour from shifts in excess of five hours; (b) not permitting Plaintiff and her fellow members of the Class/aggrieved employees to take all of their statutorily entitled rest periods; (c) not providing Plaintiff and her fellow members of the Class/aggrieved employees the opportunity to take all of their statutorily entitled meal periods; (d) failing to pay Plaintiff and her fellow members of the Class/aggrieved employees one hour of compensation at their regular rate of pay, for each earned rest period not permitted and/or each earned meal period not provided; (e) failing to pay Plaintiff

-42-

and her fellow members of the Class/aggrieved employees all of their earned benefits; (f) not timely paying Plaintiff and her fellow members of the Class/aggrieved employees all of their earned wages and compensation; (g) failing to furnish to Plaintiff and her fellow members of the Class/aggrieved employees accurate Labor Code § 226.7 compliant wage statements; (h) not timely paying Plaintiff and her fellow members of the Class/aggrieved employees all of their earned wages, compensation and benefits immediately at the termination of their employment or within seventy-two hours of them quitting; (i) not indemnifying Plaintiff and her fellow members of the Class/aggrieved employees for all work related expenses and/or reimbursing Plaintiff and her fellow members of the Class/aggrieved employees for tools and equipment mandated by Defendants and/or necessary for the job; (j) not providing Plaintiff and her fellow members of the Class/aggrieved employees a written notice in accordance with Labor Code § 2810.5; and/or (k) failing to abide by other provisions of the California Labor Code and Code of Regulations, including, without limitation, Labor Code §§ 90 et seq., 200 et seq., 510, 512, 1194 and other sections, as well as the Wage Order. Such conduct by Defendants constitutes unfair competition and unfair business practices, as such terms are described in Business and Professions Code § 17200, et seq.

178.    Pursuant to Business and Professions Code § 17203, the court is authorized to make such orders or judgments as may be necessary to prevent the use or employment by any such person or entity of any such practice which constitutes unfair competition or as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

179.    Plaintiff is informed, believes, and thereon alleges that Defendants have violated California labor law as detailed herein and, unless restrained and ordered to disgorge to Plaintiff and her fellow members of the Class/aggrieved employees, as restitution, all ill-gotten revenue derived from Defendants' unfair and unlawful business practices detailed herein, Defendants will continue to violate Unfair Competition Law by engaging in the business practices violative of California labor law as detailed hereinabove.

///

-43-

**COMPLAINT**

**PRAYER**

180. NOW, THEREFORE, Plaintiffs, individually and on behalf of their fellow members of the Class/aggrieved employees, pray for judgment against Defendants, and each of them, as follows:

181. For all earned minimum, regular rate, and overtime wages as restitution and compensatory damages in an amount according to proof at the time of trial;

182. For statutory and civil penalties as authorized by statute including, but not limited to, the California Labor Code;

183. For additional monies equal to one hour of pay pursuant Labor Code § 226.7, for each earned rest period Plaintiff and her fellow members of the Class were not permitted to take, and for each earned meal period that Defendants failed to provide;

184. For the greater of actual damages sustained or penalties as authorized by statute, including, but not limited to, the California Labor Code;

185. For compensatory damages comprised of the following: the respective earned minimum, regular rate, overtime wages, Labor Code § 226.7 premium pay compensation, benefits, and interest earned by Plaintiff and her fellow members of the Class/aggrieved employees, but not paid by Defendants, as detailed hereinabove, in an identifiable amount which Defendants were statutorily required to specify and record;

186. For injunctive relief, including but not limited to an order, compelling Defendants: (a) to accurately record: (1) all time worked by Plaintiff and her fellow members of the Class/aggrieved employees; (2) all non-productive time worked by Plaintiff and her fellow members of the Class/aggrieved employees; (3) all recovery period time earned by Plaintiff and her fellow members of the Class/aggrieved employees; (b) reimburse for work-related expenses; and (c) provide Plaintiff and her fellow members of the Class/aggrieved employees the required Wage Theft Prevention Act Notice;

187. For reasonable attorney's fees and costs pursuant to the California Labor Code and Civil Code §1021.5, and as otherwise permitted by statute;

-44-

188.   For interest at the legal rate pursuant to Labor Code §218.6, 1194.2 and Civil Code § 3289, from the date of each applicable pay period;

189.   For punitive damages in an amount deemed sufficient by the trier of fact to punish, deter and make an example of the Defendants;

190.   For costs of suit incurred herein; and

191.   For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

192.   Plaintiffs and proposed Class Representatives, EVA LOPEZ, individually and on behalf of all those similarly situated members of the Class/aggrieved employees, hereby demand trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.   For restitution and compensatory damages according to proof, including lost earnings;

2.   For general damages;

3.   For special damages;

4.   For interest at the legal rate from the date of injury or pursuant to Code of Civil Procedure §§ 3287 and 3289, and Labor Code § 218.6;

5.   For all damages and penalties available for violations of the California Labor Code, and the California Business and Professions Code;

6.   For punitive damages in an amount deemed sufficient by the trier of fact to punish, deter and make an example of the Defendants;

7.   For attorney's fees and costs of suit incurred, pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 226, 1194, 2802, 2699, and any other applicable provisions of law;

8.   For costs of suit incurred; and

9.   For any other and further relief as the Court deems just and proper.

-45-

**COMPLAINT**

Dated: *September 13, 2018*                    *DENIS & RASI, PC*

By _____

Paul J. Denis
Ethan E. Rasi
Attorneys for Plaintiff,
EVA LOPEZ and on behalf of all other similarly situated
and aggrieved employees

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests trial of Plaintiffs' claims by jury to the extent authorized by law.

Dated: *September 13, 2018*                    *DENIS & RASI, PC*

By _____

Paul J. Denis
Ethan E. Rasi
Attorneys for Plaintiff,
EVA LOPEZ and on behalf of all other similarly situated
and aggrieved employees

-46-

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 600 Anton Boulevard, 11th Floor, Costa Mesa, California 92626.

On **April 16, 2019** I served a copy of

**DEFENDANT NORRED & ASSOCIATES, INC.'S NOTICE OF RELATED CASES IN SUPPORT OF REMOVAL TO UNITED STATES DISTRICT COURT**

on the interested parties in this action by placing a true copy thereof in a sealed envelope(s) addressed as follows:

### *** SEE ATTACHED SERVICE LIST ***

 **X**   **(VIA FIRST-CLASS MAIL)**  The envelope was mailed with postage thereon fully prepaid.  I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on the same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

_____ **(VIA ELECTRONIC MAIL)**  I caused a copy of the document(s) to be sent from e-mail address **kcostantino@constangy.com** to the persons at the e-mail addresses listed on the attached Service List.

_____ **(VIA FEDERAL EXPRESS (OVERNIGHT DELIVERY)**  I enclosed said document(s) in an envelope or package provided by Federal Express, and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

_____ **(VIA MESSENGER DELIVERY)**  I caused to be delivered such document(s) in an envelope to be hand delivered to the person(s) at the address (es) set forth below

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 16, 2019** at Costa Mesa, California.

*Katie Costantino*
_____
Katie Costantino

5756290v.1    DEFENDANT NORRED & ASSOCIATES, INC.'S NOTICE OF RELATED CASES

## SERVICE LIST

| | |
|---|---|
| David D. Bibiyan, Esq.<br>Diego Aviles, Esq.<br>BIBIYAN LAW GROUP<br>1801 Century Park East, Suite 2600<br>Los Angeles, CA 90067<br>Telephone: (310) 438-5555<br>Facsimile:  (310) 300-1705<br>Email:  david@tomorrowlaw.com<br>          diego@tomorrowlaw.com | *Attorneys for Plaintiff*<br>**JESSYKA WALKER** |

DEFENDANT NORRED & ASSOCIATES, INC.'S NOTICE OF RELATED CASES